UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Michael E. Blaine, Esq. (ID #018132006)
Schiller, Knapp, Lefkowitz & Hertzel, LLP
A LLP Formed in the State of New York
30 Montgomery Street, Suite 1205
Jersey City, New Jersey 07302
518-786-9069
Attorneys for Creditor,
Specialized Loan Servicing, as Servicer for The Bank of New York Mellon FKA the Bank of New York, as Trustee for the certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2006-15

In Re:

Pattie Zamore,

Debtor

Order Filed on February 3, 2016
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 15-22649-KCF
Chapter: 13
Hearing: January 27, 2016
Judge: Hon. Kathryn C. Ferguson

## ORDER RESOLVING OBJECTION TO CONFIRMATION

The order set forth on the following pages, numbered two (2) through two (2), is hereby **ORDERED**.

**DATED: February 3, 2016**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

Debtor: Pattie Zamore
Case No: 15-22649-KCF
Caption: Order Resolving Objection to Confirmation

**THIS MATTER** having been brought before the Court by Robert C. Nisenson, Esq., attorney for the Debtor, Pattie Zamore ("Debtor"), upon the filing of a Chapter 13 Plan, and Specialized Loan Servicing, as Servicer for The Bank of New York Mellon FKA the Bank of New York, as Trustee for the certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2006-15, ("Secured Creditor"), by and through its attorneys, Schiller, Knapp, Lefkowitz & Hertzel, LLP, having filed an Objection to the Confirmation of said Chapter 13 Plan, and the parties having subsequently resolved their differences; and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for good cause shown;

**IT IS HEREBY ORDERED** as follows:

1. The Trustee is authorized not to pay the secured arrearage claim of Secured Creditor so that Debtor can apply for, and potentially complete, a loan modification. Debtor's loan modification shall be approved no later than April 18, 2016 (or other date as extended by court order).

2. If the loan modification is granted, Debtor shall file a Modified Plan, together with amended Schedule "J" reflecting Debtors' post loan modification budget, within thirty (30) days of approval of final loan modification.

3. If no loan modification is approved by April 18, 2016 (or other date as extended by court order), Secured Creditor will promptly notify the Trustee, with copy to Debtor's attorney, and within thirty (30) days of such notification, the Debtor shall file one of the following:

    a. A Modified Plan to cure the arrearage claim and any subsequent arrears to Secured Creditor; or a
    b. Modified Plan to surrender the property subject to said claim; or a
    c. Notice to Convert to Chapter 7; or a
    d. Notice to Dismiss the Case.

4. Debtor's consent to entry of the within order does not waive his/her right to object to Secured Creditor's Proof of Claim pursuant to D.N.J. Local Bankruptcy Rule 3007-1(b).

5. Debtor acknowledges that the monthly post-petition mortgage payment is subject to change in accordance with the terms of the note and mortgage. Furthermore, post-petition payments / trial period payments (if applicable) shall continue to be tendered outside the plan while the loan modification process is pending.

6. This Order shall be incorporated in and become part of any Order Confirming Plan in the herein matter.